IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Ronald Riva, III, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-12-486-F |
| | ) |
| Warden, FCI El Reno, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Mr. Ronald Riva is a federal inmate challenging the computation of his sentence under 28 U.S.C. § 2241.[1] The action should be dismissed without prejudice for failure to exhaust administrative remedies.[2]

<u>Dismissal for Nonexhaustion of Administrative Remedies</u>

Mr. Riva alleges that the Bureau of Prisons ("BOP") has failed to properly award credits on his sentence. On this claim, however, Mr. Riva failed to exhaust available administrative remedies.

---

[1] The so-called "petition" consists of a letter to a judge in the Northern District of Texas. That judge treated the letter as a habeas petition under 28 U.S.C. § 2241. Upon transfer, the undersigned attempted to schedule a telephonic hearing with the parties to ensure that Mr. Riva had wanted his letter to be construed as a habeas petition. But when the Clerk's office contacted personnel from Mr. Riva's prison to schedule the telephonic hearing, the Court learned that Mr. Riva is no longer there and his current whereabouts are unknown.

[2] The Respondent also urges denial of the habeas petition on the merits. Respondent's Response to Petitioner's Petition for Writ of Habeas Corpus at pp. 5-9 (Dec. 6, 2010). The Court need not address this contention in light of the recommended dismissal. *See infra* pp. 2-3.

An inmate must ordinarily exhaust the BOP's administrative remedies before he can file a habeas petition under 28 U.S.C. § 2241.[3]

For Mr. Riva, the administrative process involved four steps:

- an attempt at informal resolution,

- a formal request for an administrative remedy with the warden of the facility where the inmate was incarcerated,

- an appeal to the regional director, and

- an appeal to the General Counsel.[4]

The Petitioner satisfied some of these steps, but did not appeal to the General Counsel as permitted at the fourth step.[5] Thus, the Court should dismiss the habeas petition without prejudice to refiling.[6]

---

[3]    *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (petitioner challenging BOP's computation of release date must exhaust BOP's administrative procedures "because the agency is in a superior position to investigate the facts"); *Holman v. Booker*, 166 F.3d 347, 1998 WL 864018 (10th Cir. Dec. 14, 1998) (unpublished op.) (petitioner challenging the BOP's computation of sentence generally must exhaust BOP's administrative procedures before seeking federal habeas relief unless exhaustion of remedies is futile); *Verner v. Reno*, 166 F.3d 350, 1998 WL 792059 (10th Cir. Nov. 3, 1998) (unpublished op.) (the petitioner challenging the BOP's parole eligibility determination must exhaust administrative remedies before seeking federal habeas relief).

[4]    *See* 28 C.F.R. §§ 542.13(a), (c)(2)-(4), 542.14(a), 542.15(a); Appendix to Respondent's Response to Petitioner's Petition for Writ of Habeas Corpus, Exhibit B at pp. 1-2 ¶¶ 3-4 (Dec. 6, 2010).

[5]    *See* Appendix to Respondent's Response to Petitioner's Petition for Writ of Habeas Corpus, Exhibit B at p. 2 ¶ 2 (Dec. 6, 2010).

[6]    *See*, *e.g.*, *Abdulhaseeb v. Ward*, 173 Fed. Appx. 658, 661 (10th Cir. Mar. 27, 2006) (unpublished op.) (stating that the district court had properly dismissed Section 2241 claims without prejudice when the petitioner had failed to exhaust administrative remedies).

<u>Notice of the Right to Object</u>

The parties enjoy the right to object to the present report and recommendation.  Any such objection must be filed with the Clerk of this Court by June 18, 2012.[7]  The failure to timely object would foreclose appellate review of the suggested ruling.[8]

<u>Status of the Referral</u>

The referral is discharged.

Entered this 31st day of May, 2012.

Robert E. Bacharach
United States Magistrate Judge

---

[7]     *See* 28 U.S.C.A. 636(b)(1) (2011 supp.); Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2).

[8]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).